UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JOSE ROQUE, individually,

    Plaintiff,

v.

LEADING EDGE RECOVERY SOLUTIONS, LLC,
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## JURY DEMAND

1.    Plaintiff JOSE ROQUE alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Plaintiff alleges that Defendant LEADING EDGE RECOVERY SOLUTIONS, LLC incessantly and unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged consumer debt. Despite the fact that Plaintiff neither provided Defendant with his cellular telephone number, nor gave anyone else the authority to call said cellular telephone number, Defendant proceeded to unlawfully make calls to Plaintiff using an automatic telephone dialing system (i.e. "auto-dialer") and/or make calls which contained an artificial voice or pre-recorded message.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's claim for TCPA violations under 28 U.S.C. § 1332(a) and 15 U.S.C. There is diversity of citizenship between the parties and more than $75,000 dollars in controversy, exclusive of interest and costs. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District, and Defendant conducts business in this District by regularly placing telephone calls into this district. This Court also has jurisdiction for Plaintiff's claim for violations of the FDCPA under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

## PARTIES

3. Plaintiff JOSE ROQUE is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone for which Defendant was calling.

4. Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC ("Defendant"), is a foreign limited liability company, which among other things, utilizes its telephonic capabilities to engage in contingency debt collection services and operates from offices located at 5440 N. Cumberland Avenue, Suite 300, Chicago, Illinois 60656; upon information and belief, Plaintiff further alleges that Defendant, as well as all of its members, are citizens of Illinois.

5.     Defendant regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

6.     Defendant regularly collects or attempts to collect debts for other parties; they are a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). *Heintz v. Jenkins*, 514 U.S. 291 (1995).

7.     At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

8.     With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

9.     The instant lawsuit stems from the telephonic collection efforts of Defendant over the last four years. *Stern v. Bluestone*, 850 N.Y.S.2d 90, 2008

N.Y. Slip Op. 00611 (holding that the TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658).

10.   Upon information and belief, Defendant sought to collect an alleged consumer debt for a defaulted Bank of America credit card and persisted to unlawfully call Plaintiff over and over again in an effort to collect said debt; the aforementioned credit card was used by Plaintiff to purchase consumer goods, such as: food, clothing, and travel-related expenses.

11.   The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system and/or played a pre-recorded or artificial voice message.

12.   That each and every time the Plaintiff answered the aforesaid calls, an artificial or pre-recorded voice would immediately play, identifying Defendant's name and leaving a return number of "888-306-0549"; Plaintiff's caller identification ("Caller ID") feature on his cellular telephone also displayed that the incoming number as having come from "888-306-0549."

13.   Upon information and belief, the representative who answers the aforementioned telephone number when called back identifies himself/herself as an employee of Defendant.

14.   Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the

4

FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

15. Plaintiff maintains that in spite of his numerous requests to stop Defendant's constant barrage of telephone calls, Defendant persisted on calling Plaintiff's cellular telephone hundreds of times over the last four years.

16. Plaintiffs maintain that Defendant's large volume of auto-dialed and/or pre-recorded telephone calls were unlawful and harassing as Plaintiff neither provided prior express consent to Defendant nor anyone else to call Plaintiff's cellular telephone.

17. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

18. That Defendant either willfully or knowingly violated the TCPA.

19. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations

5

implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

20. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute. See *FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

21. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

22. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

23. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. See

generally, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

24. The TCPA and FDCPA are intertwined and serve congruent purposes; hence, a violation of the TCPA may support a federal cause of action under the FDCPA. *See e.g.*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1190, 1192 (11th Cir. 2010) (holding that a violation of the FCCPA may lead to a violation of the FDCPA); *Clark v. Weltman, Weinberg & Reis, Co., L.P.A.*, 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (stating that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates Paragraphs 1 through 24.

26. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and/or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b.    $1500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.    A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

    d.    A declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

    e.    Attorney's fees, litigation expenses and costs of the instant suit; and

    f.    Such other or further relief as the Court deems proper.

further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARASSMENT IN VIOLATION OF 15 U.S.C. § 1692d

27.    Plaintiff incorporates Paragraphs 1 through 24.

28.    Defendant's unlawful use of an auto-dialer to call Plaintiff as well as its use of an unlawful prerecorded or artificial voice message in an effort to collect a consumer debt from Plaintiff was in violation of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) of the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 27th day of October, 2011.

        SCOTT D. OWENS, ESQ.
        *Attorney for Plaintiff*
        664 E. Hallandale Beach Blvd.
        Hallandale, FL 33009
        Telephone: 954-559-0588
        Facsimile: 954-337-0666
        scott@cohenowens.com

        By: *s/Scott D. Owens*
        Scott D. Owens, Esq.
        Florida Bar No. 0597651